## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWIN DE JESUS FELIPE GONZALEZ<br>8150 15th Avenue<br>Apt. 201<br>Hyattsville, Maryland 20783<br><br>　　*Plaintiff,*<br><br>　　v.<br><br>DENCHFIELD LANDSCAPING, INC.<br>5950 Ager Road<br>Hyattsville, Maryland 20782<br><br>Serve: RICHARD M. SISSMAN<br>　　　　Registered Agent<br>　　　　24100 W St., N.W., #208<br>　　　　Washington D.C. 20007<br><br>KURT ALAN DENCHFIELD<br>5950 Ager Road<br>Hyattsville, Maryland 20782<br><br>　　*Defendants*. | Civil Action No.: 19-3834 |

### COMPLAINT

Plaintiff, Edwin De Jesus Felipe Gonzalez ("Plaintiff Gonzalez"or "Plaintiff"), hereby brings suit against Denchfield Landsaping, Inc. ("DL"), and Kurt Alan Denchfield ("K. Denchfield"), for violations of the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPCA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA"). Plaintiff alleges as follows:

### THE PARTIES

1.　　Plaintiff Gonzalez is an adult resident of the State of Maryland and was employed by DL and K. Denchfield from on or about October 2016 until on or about November 9, 2019.

During that time, Plaintiff Gonzalez performed general labor functions such as cutting grass, pulling weeds, planting flowers, spreading mulch, pruning bushes, picking up trash and occasionally doing snow removal.

2. DL is incorporated in the State of Maryland and is registered to do business as a foreign entity in the District of Columbia. DL is a landscaping company that provides its services to commercial and residential customers in Maryland and the District of Columbia. DL employed Plaintiff Gonzalez within the meaning of the FLSA, the DCMWRA and the DCWPCA, because, through its owners, officers and agents, it, hired him, determined his rate of pay, paid him his wages, supervised him, set his work schedule, provided him with the tools and materials he needed to perform his work, and had the authority to terminate his employment. DL meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3. K. Denchfield is an Officer, Director, and owner of DL. He is an employer of Plaintiff within the meaning of the FLSA, the DCMWRA and the DCWPCA, because: (1) he is an owner and/or officer and/or director of DL; (2) he has operational control over DL and is significantly involved in its operations; (3) he has control over DL's corporate funds used to pay employees and can allocate funds as profits; (4) he has authority to hire and fire the Plaintiff; (5) he was at least partly involved in determining the Plaintiff's rate and frequency of pay; (6) he was responsible for paying the Plaintiff his wages; (7) he made the decision not to pay Plaintiff an

overtime premium; (8) he was involved in determining Plaintiff's work schedule; (9) he had authority to discipline the Plaintiff; and (10) he maintained Plaintiff's employment records.

## JURISDICTION

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject-matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

5. Plaintiff is asserting viable causes of action against Defendants under the DCWPCA and the DCMWRA because Plaintiff is entitled to the protections of both. During his employment with Defendants, Plaintiff spent more than 50% of his working time in the District of Columbia. *See* D.C. Code § 32-1003(b)(1) ("A person shall be employed in the District of Columbia when [t]he person regularly spends more than 50% of their working time in the District of Columbia.")

6. This Court has *in personam* jurisdiction over Defendants because they conduct business in the District of Columbia and are registered to do business in the District of Columbia as a foreign entity.

## STATEMENT OF FACTS

7. At all times relevant to the Complaint, Plaintiff was employed for Defendants DL and K. Denchfield as a landscape crewman.

8. At all times relevant to the Complaint, Plaintiff was paid on an hourly basis. His regular hourly rate ranged from a starting rate of $16.50 per hour to $18.50 per hour when he stopped working for Defendants. Plaintiff was paid on a bi-weekly basis.

9. The hours Plaintiff worked per week fluctuated throughout the year. However, with

the exception of a few pay periods, Plaintiff regularly worked for Defendants in excess of 40 hours per week. On average, Plaintiff worked between no less than 8 hours of overtime and as much as 25 hours of overtime per week. There may be weeks when Plaintiff worked more than 25 hours of overtime, but Plaintiff cannot identify those specific weeks because he is not in possession of his time and payroll records. Those records are in the possession of the Defendants.

10. At all times relevant to the Complaint, Defendants paid Plaintiff at his straight-time hourly rate of pay for each hour that he worked, including overtime hours, through their payroll ssytem. The exception is when Plaintiff did snow removal work. In those instances, which are few, Defendants paid Plaintiff for the snow removal work at one-and-one-half times his regular hourly rate.

11. In addition, Defendants did not pay Plaintiff for all of the hours he worked – including straight time and overtime hours.

12. Plaintiff started each work day by traveling from his home in Maryland to the Defendants headquarters in Hyattsville, Maryland. Once Plaintiff loaded his truck, he would travel to the first job of the day. Between three and four days per week, Plaintiff worked exclusively on job sites located in the District of Columbia, Plaintiff recalls working on as many as 20 different jobs in D.C., including but not limited to the following sites:

    a. 4600 Connecticut Avenue, N.W., Washington D.C. 20008;

    b. 3775 Ely Place S.E., Washington D.C. 20019; and

    c. 3908 Connecticut Avenue, N.W., Washington D.C. 20008.

13. Plaintiff spent more than half of his time working for the Defendants in the District of Columbia, this includes driving from one job site to another job site in the District and actually performing work on the job sites.

14. At the present time, Plaintiff is unable to calculate the full extent of his damages because he does not possess all of his time and payroll records. Those records are in the exclusive possession of the Defendants.

## COUNT I
## VIOLATIONS OF THE FLSA

15. Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

16. Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, DL was an enterprise engaged in commerce.

17. DL and K. Denchfield violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during each workweek during the three-year period which precedes the filing date of this Complaint.

18. DL and K. Denchfield's actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations is extended to three years.

19. DL and K. Denchfield are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

20. The precise amount owed to the Plaintiff by DL and K. Denchfield cannot be calculated at this time because Plaintiff and his counsel do not possess all of Plaintiff's payroll records or all of his time records, which are in possession of DL and K. Denchfield.

## COUNT II
## VIOLATIONS OF THE DCMWRA

21. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

22. At all times relevant to the Complaint, Plaintiff was an "employee" of DL and K. Denchfield within the meaning of D.C. Code § 32-1002 (2).

23. At all times relevant to the Complaint, DL and K. Denchfield were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

24. DL and K. Denchfield violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours he worked during the three-year period which precedes the filing date of the Complaint.

25. As a result of the violations of the DCMWRA by DL and K. Denchfield, they are liable for Plaintiff's unpaid wages during the three-year period preceding the filing date of this Complaint, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

26. The precise amount owed to the Plaintiff by DL and K. Denchfield cannot be calculated because Plaintiff and his counsel do not possess all of his payroll records or all of his time records, which are in possession of DL and K. Denchfield.

## COUNT III
## VIOLATIONS OF THE DCWPCA

27. Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

28.     At all times relevant to the Complaint, Plaintiff was an "employee" of DL and K. Denchfield within the meaning of D.C. Code § 32-1301 (2).

29.     At all times relevant to the Complaint, DL and K. Denchfield were "employers" of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

30.     DL and K. Denchfield violated the DCWPCA by failing to pay Plaintiff anything at all for some of his hours of work (including straight-time hours and overtime hours) during the three-year period preceding the filing date of this Complaint.

31.     As a result of the violations of the DCWPCA by DL and K. Denchfield, they are liable for Plaintiff's unpaid wages from October 2016 to the end of his employment with DL and K. Denchfield (November 9, 2019), liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

32.     The precise amount owed to the Plaintiff by DL and K. Denchfield cannot be calculated because Plaintiff and his counsel do not possess all of his payroll records or all of his time records, which are in possession of DL and K. Denchfield.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A.      enter a judgment against DL and K. Denchfield, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to his unpaid overtime wages as liquidated damages;

B.      enter a judgment against DL and K. Denchfield, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA and the DCWPCA, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages;

C.      as to all Defendants, jointly and severally, award Plaintiff his costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Telephone:   (301) 587-6364
Facsimile:   (301) 587-6308
*Attorney for Plaintiff*